**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Michael Robert Smith

    v.                                                          Case No. 23-cv-450-SM-TSM
                                                             Opinion No. 2025 DNH 095

Governor, State of New
Hampshire, et al.

**O R D E R**

Self-represented plaintiff, Michael Robert Smith, who is incarcerated at the New Hampshire State Prison for Men ("NHSP"), filed a complaint generally challenging the conditions of his confinement and naming the New Hampshire Governor, the NHSP Warden, and NHSP as defendants. Doc. no. 1. On preliminary review, the court directed Smith to amend his claims to allege what each defendant did or did not do to injure him. Doc. no. 25. Preliminary review is ongoing. Smith filed a motion to change venue, followed by a filing titled "Plaintiff's Extraordinary Writ," and addenda to that filing. Doc. nos. 46, 48, 49, & 50.

Discussion

Smith moves to change venue on the ground that Judge McAuliffe and Chief Judge McCafferty in this district have a conflict of interest based on their previous employment in the New Hampshire Attorney General's office and at a private law firm in New Hampshire. Doc. no. 46, at 4-6. Smith further

notes that other judges in this district and judges on the First Circuit Court of Appeals worked for the New Hampshire Attorney General's office, the Massachusetts Attorney General's office, and many private law firms before their judicial appointments. Id., at 5. In the "Extraordinary Writ," Smith asserts that the judges in this district have conflicts of interest and appears to assert that the notice of a filing fee in this case demonstrates bias against him by the judges in this district.[1] Doc. no. 48.

While far from clear, Smith appears to seek recusal of the judges in this district from adjudicating this case and the transfer of the case to another district. He does not provide grounds to support recusal or transfer. A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or where the judge has a personal bias or prejudice against a party. 28 U.S.C. § 455(a); 28 U.S.C. § 144.

---

[1] The addenda to the "Extraordinary Writ" are (1) a copy of a page from "Biographies of New Hampshire Federal Court Judges," along with a demand for one billion dollars in damages, copies of drafts or filings in other cases, and a case opening notice from the First Circuit Court of Appeals (doc. no. 49); and (2) a demand for ten billion dollars, along with another copy of the case opening notice from the First Circuit, copies of prison grievances, filings and notices in state court or courts, a copy of the federal court "Biographies" page, copies of pages from "Biographies of New Hampshire State Court Justices," and copies of pages from "New Hampshire Bar Foundation," (doc. no. 50).

"The well-established standard for recusal of a judge is 'whether an objective, reasonable member of the public, fully informed of all the relevant facts, would fairly question the trial judge's impartiality.'" Talley v. Tyer, 648 F. Supp. 3d 276, 282 (D. Mass. 2023) (quoting In re United States, 441 F.3d 44, 56-57 (1st Cir. 2006)). "The inquiry is objective, from the perspective of a reasonable person, not one who is hypersensitive or unduly suspicious, but one who is a well-informed, thoughtful observer, who is aware of all of the surrounding facts and circumstances." Bourne v. New Hampshire, No. 12-CV-251-PB, 2012 WL 3962759, at *1 (D.N.H. Sept. 11, 2012) (internal quotation marks omitted).

A judge's past legal career and past employment relationships that are remote in time and unrelated to the present case do not support a concern that an objective observer would question the judge's impartiality. Id. This case is assigned to me, and I last worked in the New Hampshire Attorney General's office more than 40 years ago. That employment relationship provides no basis to question my impartiality in this case. To the extent Smith raises questions about the impartiality of other judges in this district and judges in other jurisdictions, those concerns are not material to the issue of recusal here. I decline to recuse myself from this case.

In addition, venue is proper in this district. 28 U.S.C. § 1391(b). The defendants listed in Smith's complaint reside in this district, and the circumstances underlying his claims occurred at the New Hampshire State Prison in Concord, New Hampshire, where Smith is incarcerated. Id. Therefore, Smith provides no grounds for a change of venue (Doc. No. 46).

## Conclusion

For these reasons, I decline to recuse myself from this case, and Smith's motion for change of venue (doc. no. 46) is denied.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

August 15, 2025

cc: Michael Robert Smith, pro se