UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

MICHAEL ROBERT SMITH

    v.                                                                              Case No. 23-cv-450-SM-TSM

GOVERNOR CHRISTOPHER SUNUNU, et al.

## REPORT AND RECOMMENDATION

Self-represented plaintiff, Michael Robert Smith, who is incarcerated at the New Hampshire State Prison for Men ("NHSP"), filed a complaint naming the New Hampshire Governor, the NHSP Warden, and the NHSP as defendants. Doc. No. 1. On preliminary review, the court directed Smith to amend his claims to allege what each defendant did or did not do to injure him.[1] Doc. No. 25. While preliminary review of the amended complaint is pending, Smith filed an ex parte motion "For Administration Hearing for Witness Protection, Injunction Against New [Hampshire] State Prison For Cause." Doc. No. 45. The motion is referred for a report and recommendation pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1)(B).

## BACKGROUND

Smith was convicted in 2021 in New Hampshire state trial court on two counts of theft by unauthorized taking. State v. Smith, 2025 N.H. 1, 337 A.3d 257, 259 (2025). He appealed his convictions, asserting that the trial court erred in finding him competent to stand trial and

---

[1] The court previously denied Smith's motion for summary judgment. Doc. No. 29.

competent to represent himself. Id. at 261. The New Hampshire Supreme Court affirmed the convictions and affirmed calculation of the restitution amount. Id. at 265. Smith is incarcerated at the NHSP. Doc. No. 1.

In the initial order on preliminary review, the court concluded that

> [c]onstruing his complaint liberally, Mr. Smith asserts the following claims: 1) that his First Amendment rights were violated when he was "tricked" into being placed into the NHSP Mental Health Illness Unit in retaliation for reporting substandard prison conditions and financial fraud; and 2) that his First and Sixth Amendment rights were violated when his outgoing mail, which contained his reports of malfeasance, was tampered with. Although Mr. Smith names several defendants in his complaint, he does not indicate which defendant took these actions against him. Accordingly, the court suspends its preliminary review so Mr. Smith can amend his complaint and address these deficiencies.

Doc. No. 25 at pg. 2. The court suspended preliminary review and directed Smith to amend his complaint to "(1) assert sufficient facts to demonstrate that relief might be granted, (2) identify the individuals he alleges violated his rights; and (3) state, with specificity, what each individual defendant did or failed to do which violated his rights." Id. Smith has filed two amended complaints (Doc. Nos. 26 and 36), and several addenda.

## DISCUSSION

In his current motion (Doc. No. 45), Smith addresses a long list of grievances and alleged malfeasances, ranging from challenges to his criminal conviction, mistreatment by prison staff and other inmates, a desire to be placed in the federal witness protection program, perceived misconduct by state court judges and lawyers in other cases, disagreement with the handling of an estate, and complaints to the New Hampshire Judicial Conduct Committee. For the reasons that follow, the court should deny Smith's motion.

A. <u>Witness Protection Program</u>

The Attorney General of the United States, not the court, makes decisions pertaining to the federal witness protection program. <u>Cross v. Fed. Bureau of Investigation</u>, No. CV 23-12549-FDS, 2024 WL 457053 at *1 (D. Mass. Feb. 6, 2024) (citing 18 U.S.C. § 3521(a)(1)); <u>Peoples v. Drug Enf't Agency</u>, No. 6:24CV019, 2024 WL 4599355, at *3 (E.D. Tex. Sept. 4, 2024), <u>report and recommendation adopted,</u> No. 6:24-CV-00019, 2024 WL 4595599 (E.D. Tex. Oct. 28, 2024). Therefore, the district judge should deny that part of Smith's motion seeking placement in the witness protection program.

B. <u>Criminal Conviction</u>

As is noted above, Smith appealed his conviction to the New Hampshire Supreme Court, which affirmed his conviction earlier this year. <u>State v. Smith</u>, 2025 N.H. 1, 337 A.3d 257, 259 (2025). This court lacks authority to consider an appeal of the conviction. <u>See</u> 28 U.S.C. § 1257; <u>Klimowicz v. Deutsche Bank Natl Trust Co.</u>, 907 F.3d 61, 64-65 (1st Cir. 2018); <u>Davison v. Gov't of P.R.-P.R. Firefighters Corps</u>, 471 F.3d 220, 223 (1st Cir. 2006). The appropriate means to challenge a state court conviction on federal constitutional grounds is a petition pursuant to 28 U.S.C. § 2254. Accordingly, the district court should deny that part of Smith's motion that challenges his criminal conviction.

C. <u>Judicial and Professional Conduct Complaints</u>

In his motion, Smith alleges that certain state court judges and lawyers engaged in misconduct. However, none of those individuals are parties in this case, and this court is not the proper forum to raise judicial conduct complaints or professional conduct complaints. Those matters must be directed to the New Hampshire Judicial Conduct Committee and the Professional

3

Conduct Committee. Therefore, the district judge should deny that part of Smith's motion that raises issues with the professional conduct of various New Hampshire judges and lawyers.

D. <u>Probate Court Proceeding</u>

In part of the motion, Smith appears to challenge the filings of the executor of an estate in an unidentified probate proceeding. Smith likely refers to the estate from which he stole funds that was the subject of his criminal conviction. <u>See</u> <u>Smith,</u> 177 N.H. at 265. This court lacks authority to interfere in probate proceedings or take control of property in the custody of a state court. <u>Jimenez v. Rodriguez-Pagan,</u> 597 F.3d 18, 23 (1st Cir. 2010) ; <u>accord</u> <u>Hunter v. Lester Kalmanson Agency, Inc.</u>, No. CV 24-30044-MGM, 2025 WL 1756687 at *2 (D. Mass. Jan. 28, 2025). Accordingly, the district judge should deny that part of Smith's motion that challenges the executor's actions in a probate proceeding.

E. <u>Injunction</u>

The remainder of Smith's motion appears to seek an ex parte injunction to stop actions in the prison that Smith believes are harassment, to stop interference with his mail, to return his criminal case files, and to require that he be housed away from other inmates who assaulted him several years ago. The court can issue an injunction without notice to the opposing party only if the moving party provides specific facts in an affidavit or a verified complaint that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Smith has not provided the required affidavit with his motion. The district judge should deny the motion for ex parte injunctive relief without prejudice to seek an injunction, if appropriate, after preliminary review.

## CONCLUSION

For these reasons, the district judge should deny Smith's motion for ex parte relief (Doc. No. 45). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" <u>Id.</u> (citations omitted).

 

                                                          _____
                                                          Talesha L. Saint-Marc
                                                          United States Magistrate Judge

August 18, 2025

cc:     Michael Robert Smith, pro se